ELECTRONICALLY FILED
2017 Jan 04 AM 11:22
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-000084

## In the District Court of Wyandotte County, Kansas
## Limited Actions Division

Anthony Robinson,

                       Plaintiff, | Case Number: 2017-LM-000084
                                        Division: 34

vs.

Convergent Outsourcing, Inc.,

                       Defendant.

## PETITION
## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

COMES NOW Plaintiff Anthony Robinson, through counsel, and alleges the following against Defendant Convergent Outsourcing, Inc.:

1.     Plaintiff's Petition is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 et seq.

2.     Plaintiff Anthony Robinson is an individual residing in Kansas.

3.     Defendant Convergent Outsourcing, Inc. is a Washington corporation.

4.     At all relevant times, Convergent Outsourcing, Inc. was doing the business of collecting consumer debts in the State of Kansas.

5.     Defendant conducts business in Kansas. Therefore, this Court has personal jurisdiction over the Defendant for purposes of this action.

6.     Subject matter jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k (d), and 47 U.S.C. §227 et seq.

7.     Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

1



8.    All conduct of the managers, agents and employees of Convergent Outsourcing, Inc. as alleged in Plaintiff's petition was within the course and scope of their employment or agency by or on behalf of Convergent Outsourcing, Inc.

9.    Plaintiff Anthony Robinson is a person as defined by 47 U.S.C. §153(32).

10.    Defendant is a debt collector who sought to collect a consumer debt from a person as defined by 47 U.S.C. §153(32).

11.    In its capacity as a debt collector, Defendant has alleged that Plaintiff Anthony Robinson owes a debt to Convergent Outsourcing, Inc.

12.    Within four years of the filing of this petition, Defendant contacted Plaintiff Anthony Robinson on Plaintiff's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1) and/or used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b)(1)(A).

13.    These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

14.    Plaintiff Anthony Robinson did not provide prior express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. §227(b)(1)(A).

15.    If Plaintiff Anthony Robinson did not provide prior express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. §227(b)(1)(A), such consent was subsequently revoked and calls continued thereafter.

16.    These telephone calls by Defendant violated 47 U.S.C. §227(b)(1).

17.    Plaintiff Anthony Robinson was harmed by the acts of Defendant in at least the following ways:

2

a) Defendant illegally contacted Plaintiff Anthony Robinson via Plaintiff's cellular phone thereby causing Plaintiff Anthony Robinson to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff Anthony Robinson previously paid;

b) Defendant caused Plaintiff to expend such time to retrieve or administer messages left by Defendant during those illegal calls;

c) Defendant invaded the privacy of Plaintiff; and

d) Defendant engaged Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff thereby causing Plaintiff stress and anxiety.

18.     As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

19.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff Anthony Robinson is entitled to an award of up to $1,500.00 in statutory damages for each and every violation shown to be intentional, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

20.     Plaintiff Anthony Robinson also is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff Anthony Robinson respectfully requests judgment be entered against Defendant Convergent Outsourcing, Inc. for the following:

a)     An award of $500.00 in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b) (3) (B);

3

b)    An award of $1,500.00 in statutory damages for each and every intentional violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

c)    Injunctive relief prohibiting such conduct in the future;

d)    Declaratory relief pursuant to 28 U.S.C. §2201 and §2202; and

e)    Such other and further relief this honorable Court deems appropriate.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Anthony T Robinson, and as for Count II against Defendant Convergent Outsourcing, Inc., states and alleges as follows:

21.    Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

22.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

23.    Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

4

24.    The principal purpose of Defendant Convergent Outsourcing, Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

25.    Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

26.    The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

27.    The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). nynynn

5

29.     The Defendant repeatedly called Plaintiff to collect the debt of another.

30.     15 U.S.C. § 1692d entitled, harassment or abuse states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31.     The above-described acts are misleading to the  least sophisticated consumer.

32.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,

Respectfully submitted,
By:  /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Brian Johnson #26934
Stecklein & Rapp, Chtd.
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email:  aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com
Attorneys for Plaintiff

7